UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN FITZGEARLD HARRINGTON,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. C22-00667-RSM-SKV<br><br>ORDER TO SHOW CAUSE |

      Petitioner Jonathan Fitzgearld Harrington has submitted to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his April 29, 2022 conviction in this Court based on his plea of guilty to the charge of conspiracy to distribute controlled substances.  Dkt. 1 at 2; *see United States of America v. McGee, et al.*, CR21-00058-RSM-3, Dkt. 185.  Petitioner alleges in his petition that he is currently being held in violation of the Constitution, laws, or treaties of the United States because, in the context of his criminal case: his Fourth Amendment rights were violated because evidence used against him was obtained by an illegal search and seizure; his Fifth Amendment rights were violated because he was not properly advised of his *Miranda* rights; his Due Process rights were violated by malicious prosecution and prosecutorial misconduct; his Sixth Amendment right to a speedy trial was

ORDER TO SHOW CAUSE - 1

violated; he received ineffective assistance of counsel; his Eighth Amendment right to be free from cruel and unusual punishment was violated; his Fourteenth Amendment right to Equal Protection and Due Process was violated; his rights under 18 U.S.C. § 242 were violated; and his rights under Title VI of the Civil Rights Act were violated.  *See* Dkt. 1.

All Rules Governing 28 U.S.C. § 2254 cases apply to habeas petitions brought pursuant to § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to federal prisoner's § 2241 petition).  Habeas Rule 4 requires the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

As a general rule, 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may challenge the legality of detention.  *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)).  There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under § 2241 if they can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of [their] detention."  *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Lorentsen*, 223 F.3d at 953.

The Ninth Circuit has held that a § 2241 petition is permissible under the escape hatch when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims.  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).  In the Ninth Circuit, "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United*

ORDER TO SHOW CAUSE - 2

*States*, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In order to demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and his first § 2255 motion. *Harrison*, 519 F.3d at 960.

A review of the instant petition reveals that Petitioner fails to satisfy the requirements for application of the "escape hatch." Petitioner has not alleged that he is actually, factually innocent of the crime of which he was convicted, rather Petitioner's claims appear to challenge the alleged legal inadequacy of the conviction which does not fall within the narrow exception to § 2255. *See* Dkt. 1. Petitioner also fails to demonstrate that he has not had an "unobstructed procedural shot" at presenting his claims. Petitioner offers nothing to suggest that the issues presented here did not become available until after he had exhausted his direct appeal and his § 2255 motion. In fact, Petitioner indicates in his petition that he has not filed an appeal or a § 2255 motion. *See* Dkt. 1 at 2-4. A review of this Court's records appears to confirm that Petitioner has not filed an appeal or a motion pursuant to § 2255 challenging the conviction at issue here. *See United States of America v. McGee, et al.*, CR21-00058-RSM-3.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Petitioner shall show cause not later than thirty (30) days from the date on which this Order is signed why this action should not be dismissed as an unauthorized petition for federal habeas relief under 28 U.S.C. § 2241. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

ORDER TO SHOW CAUSE - 3

(2) Petitioner has also filed a "motion to dismiss", Dkt. 5, which appears to seek dismissal, or vacatur, of his criminal conviction on some of the same bases articulated in his habeas petition. It would be premature for the Court to consider this motion until Petitioner has responded to the Court's Order to Show Cause as it appears, at this point, that his § 2241 petition, and this action, may be subject to dismissal. Accordingly, the Court declines to consider the motion, Dkt. 5, until Petitioner responds to the Court's Order to Show Cause.

(3) Petitioner has also filed a "motion to expedite court date", Dkt. 6, which appears to seek to expedite the proceedings in this action. However, there is no basis to set a court date or expedite proceedings in this matter at this time as, for the reasons above, it appears the petition may be subject to dismissal. Accordingly, Petitioner's "motion to expedite court date", Dkt. 6, is DENIED without prejudice.

The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 3rd day of June, 2022.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge