UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN FITZGEARLD
HARRINGTON,

              Petitioner,

  v.

UNITED STATES OF AMERICA,

              Respondent.

Case No. C22-00667-RSM-SKV

REPORT AND RECOMMENDATION

        I.    INTRODUCTION AND SUMMARY CONCLUSION

On May 16, 2022, Petitioner Jonathan Fitzgearld Harrington filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his April 29, 2022, conviction in this Court based on his plea of guilty to the charge of conspiracy to distribute controlled substances. Dkt. 1 at 2; *see United States of America v. McGee, et al.*, CR21-00058-RSM-3, Dkt. 185. On May 24, 2022, Petitioner filed a motion to dismiss, Dkt. 5, which appears to seek dismissal, or vacatur, of his criminal conviction on several of the same bases articulated in his habeas petition. *Id.* at 2. On June 3, 2022, the Court issued an Order directing Petitioner to show cause why this federal habeas action should not be dismissed without prejudice as improperly brought under 28 U.S.C. § 2241. Dkt. 7. Petitioner did not file a response.

REPORT AND RECOMMENDATION - 1

1  Having carefully reviewed the record, the Court recommends that Petitioner's § 2241 habeas petition, Dkt. 1, be DISMISSED without prejudice for failure to respond to the Court's order and as improperly filed as a § 2241 petition. The Court further recommends that the motion to dismiss, Dkt. 5, be DENIED as duplicative as it seeks the same relief on the same bases articulated in the § 2241 petition which, as discussed, are not properly presented here in a habeas petition under § 2241.

II.    DISCUSSION

Petitioner alleges in his petition that he is currently being held in violation of the Constitution, laws, or treaties of the United States because, in the context of his criminal case: his Fourth Amendment rights were violated because evidence used against him was obtained by an illegal search and seizure; his Fifth Amendment rights were violated because he was not properly advised of his *Miranda* rights; his Due Process rights were violated by malicious prosecution and prosecutorial misconduct; his Sixth Amendment right to a speedy trial was violated; he received ineffective assistance of counsel; his Eighth Amendment right to be free from cruel and unusual punishment was violated; his Fourteenth Amendment right to Equal Protection and Due Process was violated; his rights under 18 U.S.C. § 242 were violated; and his rights under Title VI of the Civil Rights Act were violated. *See* Dkt. 1.

All Rules Governing 28 U.S.C. § 2254 cases apply to habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to federal prisoner's § 2241 petition). Habeas Rule 4 requires the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

As a general rule, 28 U.S.C. § 2255 provides the exclusive mechanism by which a federal prisoner may challenge the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). There is a narrow exception to the general rule that challenges to the legality of a sentence must be filed under § 2255, a so-called "escape hatch," which permits a prisoner to proceed under § 2241 if they can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of [their] detention." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Lorentsen*, 223 F.3d at 953.

The Ninth Circuit has held that a § 2241 petition is permissible under the escape hatch when a petitioner (1) makes a claim of actual innocence, and (2) demonstrates that he has not had an "unobstructed procedural shot" at presenting his claims. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). In the Ninth Circuit, "a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In order to demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and his first § 2255 motion. *Harrison*, 519 F.3d at 960.

A review of the instant petition reveals that Petitioner fails to satisfy the requirements for application of the "escape hatch." Petitioner has not alleged that he is actually, factually innocent of the crime of which he was convicted, rather Petitioner's claims appear to challenge

REPORT AND RECOMMENDATION - 3

the alleged legal inadequacy of the conviction which does not fall within the narrow exception to § 2255. *See* Dkt. 1. Petitioner also fails to demonstrate that he has not had an "unobstructed procedural shot" at presenting his claims. Petitioner offers nothing to suggest that the issues presented here did not become available until after he had exhausted his direct appeal and his first § 2255 motion. In fact, he indicates in his petition that he has not filed an appeal or a § 2255 motion. *See* Dkt. 1 at 2-4. A review of this Court's records appears to confirm that Petitioner has not filed an appeal or a motion pursuant to § 2255 challenging the conviction at issue here. *See United States v. McGee, et al.*, CR21-00058-RSM-3.

By order dated June 3, 2022, Petitioner was advised of the above legal standards and the deficiencies in his petition and given the opportunity to show cause, by July 3, 2022, why his petition should not be dismissed. Dkt. 7. To date Petitioner has failed to show cause why his petition should not be dismissed, nor has he otherwise responded to the Court's order. Thus, Petitioner's 28 U.S.C. § 2241 petition should be DISMISSED without prejudice based on Petitioner's failure to respond to the Court's order and as improperly filed as a § 2241 petition.

Petitioner has also filed a "motion to dismiss", Dkt. 5, seeking dismissal, or vacatur, of his criminal conviction on several of the same bases articulated in his § 2241 habeas petition. The Court further recommends that the motion to dismiss, Dkt. 5, be DENIED as duplicative as it seeks the same relief on the same bases articulated in the § 2241 petition which, as discussed, are not properly presented here in a habeas petition under § 2241.

### III.    CONCLUSION

The Court recommends that Petitioner's § 2241 habeas petition, Dkt. 1, be DISMISSED without prejudice for failure to respond to the Court's order and as improperly filed as a § 2241

petition.[1][2] The Court further recommends that the motion to dismiss, Dkt. 5, be DENIED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 19, 2022**.

Dated this 25th day of July, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

---

[1] The Court finds a certificate of appealability is not required in this case. *See Forde v. U.S. Parole Com'n*, 114 F.3d 878, 879 (9th Cir. 1997) (finding a certificate of appealability was not required when a § 2241 petition was filed by federal prisoner). However, if a certificate of appealability would be necessary, the Court would recommend it not be issued.

[2] The Court notes that nothing in this order prevents Petitioner from filing a motion, as appropriate, under 28 U.S.C. § 2255, and it appears Petitioner still has a significant amount of time remaining under the statute in which to file such a motion. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitations shall apply to a motion under this section.").